# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1255V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *
LOUAI SALIM,

         Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

         Respondent.

Filed:  June 20, 2016

Decision; Interim Attorney's Fees and Costs.

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Lara Ann Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## INTERIM AWARD OF ATTORNEY'S FEES AND COSTS DECISION[1]

On October 26, 2015, Louai Salim filed a petition seeking compensation under the National Vaccine Injury Compensation.[2] ECF No. 1. On June 6, 2016, Petitioner field an unopposed motion for a decision dismissing the petition. ECF No. 22. In it, Petitioner indicated that upon further review of the records pertaining to this case (specifically Petitioner's employment contract from the time that he received the vaccination in question), it became clear that he would likely be

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

unable to prove that he is entitled to compensation in the Vaccine Program. *Id.* This motion is still pending.

Petitioner has now filed an unopposed motion for attorney's fees and costs, dated June 17, 2016, for work performed during the pendency of this matter. *See* ECF No. 23. Petitioner requests reimbursement of attorney's fees and costs in the amount of $22,000.00. *Id.* This amount represents a sum to which Respondent does not object. *Id.* In addition, and in compliance with General Order No. 9, Petitioner has stated that he did not incur any out-of-pocket, litigation-related expenses in conjunction with this proceeding. ECF No. 24.

I approve the requested amounts for interim attorney's fees and costs as reasonable. Accordingly, an award of $22,000.00 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Andrew Donald Downing, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[3]


**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.