# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1255V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * *
LOUAI SALIM,                        *
                                    *   Special Master Corcoran
            Petitioner,             *
                                    *   Dated: June 23, 2016
      v.                            *
                                    *   Motion to Dismiss; Location of
                                    *   Vaccination; Employee of
SECRETARY OF HEALTH AND             *   the United States; Entitlement
HUMAN SERVICES,                     *   Determination Without Hearing.
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Lara Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.


## DECISION DISMISSING CASE[1]


On October 26, 2015, Louai Salim filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Mr. Salim alleged that he experienced medical problems related to immune system dysfunction as a result of the vaccinations he received in November 2012 in Kuwait, while working as a translator employed by an independent contractor for the U.S. Army.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act.

y

Respondent moved to dismiss the case on December 22, 2015. Mot. to Dismiss (ECF No. 12) ("Mot."). Respondent argued, among other things, that Mr. Salim (who unquestionably did not receive the relevant vaccinations within the United States) could not meet the statutory requirements of Section 11(c)(1)(B)(i)(II), because he was neither a member of the Armed Forces nor an "employee" of the United States, and therefore was not entitled by statute to bring a claim. Mot. at 2-3 (citing § 11(c)(1)(B)(i)(II)). In response, Petitioner argued that in fact he did constitute an "employee" if appropriate governing law were applied. Jan. 19, 2016, Opposition (ECF No. 14) at 6-11.

After the matter had been fully briefed, I held a status conference, and thereafter ordered the parties to obtain copies of the relevant employment contracts – both between Petitioner and his immediate employer (the independent contractor), as well as between the contractor and the Government – so that information bearing on Petitioner's employment status could be used to resolve the dispute. *See* Mar. 14, 2016, Minute Order. Over the next two months, Petitioner obtained the requested information and filed it.

Then, on June 6, 2016, Mr. Salim filed an unopposed Motion for a Decision Dismissing His Petition. ECF No.22. In it, Petitioner stated that after reviewing the contents of the discovered contracts, he had determined that he was unlikely to be able to succeed in meeting his burden of proof. *Id*. at 2. Petitioner also stated his understanding that the requested decision would end all of his rights in the Vaccine Program. *Id*. at 3.[3] I have reviewed the contracts relevant to the legal question at issue, and concur with Petitioner's determination that their contents do not support his allegation of federal employee status (although I also observe that the underlying legal question of how the Act defines the term "employee" was legitimately and fairly disputed by the parties regardless of the facts).

---

[3] On June 17, 2016, Petitioner filed an unopposed motion for an award of fees and costs, and (because the matter remained pending, with the Motion to Dismiss still unresolved) I granted an interim award for the requested amount by Order dated June 20, 2016 (ECF No. 25). I nevertheless deem the fees award to constitute a "final" award in this case despite the order of resolution of these motions, and will not entertain any additional fees request in this matter from Petitioner.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence establishing that Petitioner could advance his claim given the locus of his vaccine administration, along with his employment status. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed. The clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Brian H. Corcoran  
Brian H. Corcoran  
Special Master